IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-201-D

| | |
|---|---|
| TONY DE'ANGELO LOCKLEAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TOWN OF PEMBROKE, ) | |
| NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

Tony De'Angelo Locklear ("Locklear" or "plaintiff") once served as a police officer in the Town of Pembroke's Police Department. On June 8, 2009, the Town fired Locklear for violating standard operating procedures regarding how to handle evidence. Specifically, Locklear seized cocaine as evidence, placed it in his locker, and later the cocaine disappeared.

On June 8, 2012, in Robeson County Superior Court, Locklear sued the Town of Pembroke, Milton R. Hunt (Mayor), Dwayne Hunt (former Acting Chief of Police), McDuffie Cummings (Town Manager), Marie Moore (Acting Town Manager), Greg Cummings, Ryan Sampson, A.G. Dial, Larry Brooks, and Larry McNeill (all current or former members of the Pembroke Town Council). Compl. [D.E. 1-1] 2. Locklear named all of the individual defendants in their individual capacities, except for Moore, who he named only in her official capacity. Locklear alleges breach of contract against the Town of Pembroke (count one), a due process violation arising under the United States and North Carolina Constitutions against all defendants (count two), and wrongful discharge in violation of North Carolina public policy against all defendants (count three). Id. ¶¶ 43–64. Locklear seeks declaratory relief, injunctive relief, and damages. Id. 17.

Defendants timely removed the case to this court based on federal question jurisdiction [D.E. 1]. On August 20, 2012, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 15]. Locklear responded in opposition [D.E. 25], and defendants replied [D.E. 26]. As explained below, the complaint suffers from multiple incurable legal defects. Thus, the court grants the motion to dismiss.

I.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. See, e.g., Iqbal, 556 U.S. at 678.

In late 2008, Locklear seized two ounces of cocaine as part of his duties as a Town police officer. See Compl. ¶ 15. Locklear was responsible for securing and storing this evidence. Id. ¶ 16. Locklear placed the evidence in his locker, but the evidence was not there on April 20, 2009. Id. ¶¶ 27–29. After investigating the matter, the Town suspended Locklear on April 21, 2009, and terminated Locklear's employment on June 8, 2009. Id. ¶ 32–34. Locklear contends that the Town breached an alleged employment contract with him, that all defendants violated his due process rights under the United States and North Carolina Constitutions, and that all defendants wrongfully discharged him in violation of North Carolina public policy. Id. ¶¶ 43–64.

2

North Carolina's two-year statute of limitations bars Locklear's breach of contract claim against the Town. See N.C. Gen. Stat. § 1-53(1); Liptrap v. City of High Point, 128 N.C. App. 353, 355, 496 S.E.2d 817, 818–19 (1998); Colombo v. Dorrity, 115 N.C. App. 81, 86, 443 S.E.2d 752, 756 (1994). Alternatively, Locklear's breach of contract claim against the Town fails because Locklear has not plausibly alleged an employment contract. Essentially, Locklear alleges that the Town adopted a Personnel Policy and Procedures ("Policy") via ordinance on March 4, 1985, and that the Policy created an enforceable contract right. See Compl. ¶ 12. Unfortunately for Locklear, this court can take judicial notice of the minutes of the Town's council meeting, and these minutes demonstrate that the Town did not adopt the Policy via ordinance. See [D.E. 16-2]; Roberson v. City of Goldsboro, 564 F. Supp. 2d 526, 529–30 (E.D.N.C. 2008); Whitesell v. Town of Morrisville, 446 F. Supp. 2d 419, 423–24 (E.D.N.C. 2006). Accordingly, Locklear did not have an employment contract, and North Carolina's general rule of employment at will applies. See Roberson, 564 F. Supp. 2d at 529–30; Whitesell, 446 F. Supp. 2d at 423–24.

As for Locklear's due process claim under the Fourteenth Amendment of the United States Constitution, Locklear must plausibly allege a property interest in continued employment with the Town. See Roberson, 564 F. Supp. 2d at 529–31 (collecting cases); Whitesell, 446 F. Supp. 2d at 423–24 (same). Locklear has not plausibly alleged such a property interest; therefore the claim under the federal Constitution fails. Because the Supreme Court of North Carolina construes the Law of the Land Clause similarly to the Due Process Clause of the Fourteenth Amendment, this shortcoming also dooms Locklear's claim under the North Carolina Constitution. See McNeill v. Harnett Cnty., 327 N.C. 552, 563, 398 S.E.2d 475, 481 (1990); Evans v. Cowan, 132 N.C. App. 1, 6, 510 S.E.2d 170, 173–74 (1999).

3

Alternatively, to the extent that Locklear seeks to pursue a claim directly under the Fourteenth Amendment, the claim fails. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). Likewise, Locklear cannot pursue a claim directly under the North Carolina Constitution because he has "an adequate state remedy." See, e.g., Davis v. Town of S. Pines, 116 N.C. App. 663, 675–76, 449 S.E.2d 240, 247–48 (1994).

Finally, as for Locklear's wrongful discharge claim, Locklear's claim against the individual defendants fails because the individuals were never his employer. See Iglesias v. Wolford, 539 F. Supp. 2d 831, 840 (E.D.N.C. 2008). The Town was his employer and the only entity properly named as a defendant in a wrongful discharge claim. See id. As for the Town, Locklear theorizes that the Town fired him in retaliation for exercising protected free speech and for reporting criminal misconduct. See Compl. ¶¶ 59–60. However, Locklear does not plausibly allege what "free speech" he exercised, much less plausibly allege that such speech was on a matter of public concern or that such speech was the "motivating" or "but for" cause of his termination. See Munn-Goins v. Bd. of Trs. of Bladen Cmty. Coll., 658 F. Supp. 2d 713, 725–27 (E.D.N.C. 2009), aff'd, 393 F. App'x 74 (4th Cir. 2010) (per curiam) (unpublished); Swain v. Elfland, 145 N.C. App. 383, 386–88, 550 S.E.2d 530, 533–34 (2001). Likewise, although Locklear's complaint references a December 2008 incident allegedly involving Chief Hunt's decision not to charge defendant McNeill's daughter with possession of marijuana and an April 2009 incident where Chief Hunt told Locklear that Locklear lacked probable cause to arrest a person, Compl. ¶¶ 23–25, these two events are not "speech" on matters of public concern, are too remote from Locklear's termination on June 8, 2009, and do not otherwise plausibly place this claim within North Carolina's narrow public policy exception to employment at will. See, e.g., Clark v. United Emergency Servs., Inc., 189 N.C. App. 787, 2008 WL 1723229, at *5–6 (Apr. 15, 2008) (unpublished table decision); Salter v. E & J

4

Healthcare, Inc., 155 N.C. App. 685, 691–92, 575 S.E. 2d 46, 50 (2003); Swain, 145 N.C. App. at 386–88, 550 S.E.2d at 533–34; Rush v. Living Ctrs.-Se., Inc., 135 N.C. App. 509, 513–14, 521 S.E.2d 145, 148–49 (1999). Thus, Locklear has failed to state a claim in count three against the Town.

## II.

In sum, plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendants' motion to dismiss [D.E. 15] is GRANTED.

SO ORDERED. This 26 day of December 2012.

JAMES C. DEVER III
Chief United States District Judge